IN THE COURT OF APPEALS OF TENNESSEE
AT JACKSON
Assigned April 10, 2017


## NEDRA B. DRAYTON v. COOPER MOVING SERVICES


**Appeal from the Chancery Court for Shelby County**
**No. CH-16-1323      JoeDae L. Jenkins, Chancellor**

_____

**No. W2017-00718-COA-T10B-CV**

_____


This is an interlocutory appeal as of right, pursuant to Rule 10B of the Rules of the Supreme Court of Tennessee, from the denial of a motion for judicial recusal filed by Nedra B. Drayton ("Plaintiff") in her case against Cooper & Cooper Moving, Inc. DBA J. Cooper Self-Storage, Inc., identified in the style of the case below as Cooper Moving Services ("Defendant"). Having reviewed the petition for recusal appeal filed by Plaintiff, and discerning no reversible error in the Chancellor's ruling, we affirm.


**Tenn. Sup. Ct. R. 10B Interlocutory Appeal as of Right;**
**Judgment of the Chancery Court Affirmed**

JOHN W. MCCLARTY, J., delivered the opinion of the Court, in which FRANK G. CLEMENT, JR., P.J., M.S., and BRANDON O. GIBSON, J., joined.

Nedra B. Drayton, Memphis, Tennessee, appellant, *pro se*.

Adam M. Nahmias, Memphis, Tennessee, for the appellee.


## OPINION


According to the petition filed in this Court, Plaintiff's motion seeking to recuse the Chancellor from presiding over the proceedings below was based on allegations that the Chancellor had shown a "pattern of bias and/or prejudicial decisions" against Plaintiff creating an "appearance of impropriety" that undermined her "confidence of the judiciary

to be impartial and fair." In her motion, Plaintiff specifically alleged the following "factual and legal grounds" in support of her request for relief: (a) the Chancellor abused his discretion by requiring opposing counsel's consent to a hearing date on Plaintiff's petition for a temporary restraining order against Defendant; (b) Plaintiff's motions had been "either disregarded or dismissed" in favor of opposing counsel's "repeated misrepresentation of facts" without Plaintiff being afforded "the right to be heard or offer any evidence of rebuttal to correct or disprove stated misrepresentation of facts in open court" at hearings that took place on November 3, 2016, and March 3, 2017; (c) the Chancellor "verbally threatened" to dismiss Plaintiff's action in open court on November 3, 2016, because opposing counsel alleged that he had not received proper service of a motion to amend complaint filed by Plaintiff; (d) the Chancellor repeatedly has made "prejudicial" statements to Plaintiff in open court that she needs to hire or consult with a licensed attorney, even though Plaintiff has a "wealth of experience as a professional paralegal with several advanced degrees"; (e) the Chancellor has ignored Plaintiff's repeated attempts to advise him in open court that opposing counsel has "engaged in antagonistic, unprofessional, harassing behavior" since the initiation of the proceedings below; (f) the Chancellor has failed to take "appropriate action" against opposing counsel upon being advised that there is a "substantial likelihood" that opposing counsel "has committed a violation of the Rules of Professional Conduct"; and (g) the Chancellor engaged in "ex parte communication" by soliciting an attorney to assist Plaintiff, which he announced he had done in open court at the hearing on March 3, 2017, even though the solicited attorney was "the opposing counsel in a past and current pending legal matter against Plaintiff" resulting in Plaintiff and the attorney declining to enter into a representation relationship due to a conflict of interest. Plaintiff bolstered her assertions that she has been denied her right to be heard and present evidence with the following specific allegations. She alleged that she was not permitted to offer evidence at the hearing on November 3, 2016, to rebut opposing counsel's assertion that she failed to serve him with her motion to amend complaint. She also alleged that, upon asking for permission to speak after being denied the opportunity to address the court regarding a scheduling order at the hearing on March 3, 2017, the Chancellor "sighed with an impatient facial expression" before granting her permission to speak. She further alleged that her proposed scheduling order "was not considered nor was Plaintiff allowed to offer any rebuttal statements" to refute opposing counsel's statements about her proposed scheduling order, which statements by opposing counsel Plaintiff characterized as "untruthful" and showing "bias." Plaintiff alleged that her motion to strike opposing counsel's scheduling order was then set on the Chancellor's motion docket for March 24, 2017, without her consent.

After hearing argument on the motion for recusal at the hearing held on March 24, 2017, the Chancellor entered a written order denying the motion on March 27, 2017. While this initial order violated the requirements of section 1.03 of Rule 10B of the Rules

2

of the Supreme Court of Tennessee, which states that "the judge shall state in writing the grounds upon which he or she denies the motion," the Chancellor entered an amended order on March 30, 2017, the purpose of which was to state the grounds upon which denial of the motion was based in accordance with section 1.03 of Rule 10B. The Chancellor's amended order contained the following explanation for the denial of Plaintiff's motion:

> The basis for the denial of the motion for recusal is that the Plaintiff has fabricated the grounds cited in the motion and it appears that such request is merely for delay, harassment or some other improper motive. The Plaintiff's application for injunctive relief was denied by the previous Chancellor, James [Newsom]. As to matters brought before this court by Plaintiff and Defendant, each one of Plaintiff's or Defendant's motions, whether properly before the court or not, were set for argument and heard by the Court. The Court has not always granted the relief Plaintiff requested and Plaintiff therefore disagrees with the Court. While the court is sensitive to the Plaintiff's dilemma in being a pro se litigant, the court cannot be unfair to the opposing counsel. The Plaintiff's difficulty in the cause stems from her difficulty in understanding and following the procedure and processes of the Court. The Court has attempted to ameliorate this shortcoming without success and can go no further in assisting the Plaintiff without being unfair to the Defendant.
> The allegations set out in the motion for recusal have no basis in fact and cannot support a request for recusal.

Plaintiff timely filed her petition for recusal appeal in this Court pursuant to Rule 10B, including only the Chancellor's March 27, 2017 order in the appendix to her petition. Because, as already noted, that order violated the requirements of section 1.03 of Rule 10B, the Court directed counsel for Defendant to file an Answer to the Petition pursuant to section 2.05 of Rule 10B. Having reviewed Plaintiff's petition and appendix record submitted with the petition, together with Defendant's Answer to the Petition, which included as an attachment the March 30, 2017 order, we conclude that additional briefing and oral argument are unnecessary.[1] As such, we proceed to decide this appeal in accordance with sections 2.05 and 2.06 of Rule 10B.

## ISSUES

Of the four issues raised by Plaintiff in her petition, only one can be considered in

---

[1]We have not considered Plaintiff's unauthorized pleading in rebuttal to Defendant's Answer to the Petition and hereby deny Plaintiff's Motion to Strike Defendant's Answer.

this accelerated interlocutory appeal as of right pursuant to Rule 10B as the remaining issues challenge the Chancellor's rulings on matters other than Plaintiff's motion for recusal. *See Duke v. Duke*, 398 S.W.3d 665, 668 (Tenn. Ct. App. 2012) (noting that appellate court "may not review the correctness or merits of the trial court's other rulings" in an interlocutory appeal as of right pursuant to Rule 10B). Thus, the only issue raised by Plaintiff in her petition that properly can be considered in this appeal is:

> Did the Trial Court violate Tenn. Sup. Ct. R. 10B, § 1.03 by denying the Motion for Recusal on reasons inconsistent with the factual and legal grounds supporting recusal?

## ANALYSIS

Without question, "[t]he right to a fair trial before an impartial tribunal is a fundamental constitutional right." *Bean v. Bailey*, 280 S.W.3d 798, 803 (Tenn. 2009) (quoting *State v. Austin*, 87 S.W.3d 447, 470 (Tenn. 2002)); *see also* Tenn. Const. Art. VI, § 11. This constitutional right "is intended 'to guard against the prejudgment of the rights of litigants and to avoid situations in which the litigants might have cause to conclude that the court had reached a prejudged conclusion because of interest, partiality, or favor.'" *Id.* (quoting *Austin*, 87 S.W.3d at 470). "[P]reservation of the public's confidence in judicial neutrality requires not only that the judge be impartial in fact, but also that the judge be perceived to be impartial." *Kinard v. Kinard*, 986 S.W.2d 220, 228 (Tenn. Ct. App. 1998); *see also Offutt v. United States*, 348 U.S. 11, 14 (1954) (holding that "justice must satisfy the appearance of justice"). As such, Rule 2.11(A) of the Code of Judicial Conduct as set forth in Rule 10 of the Rules of the Supreme Court of Tennessee requires a judge to recuse himself or herself "in any proceeding in which the judge's impartiality might reasonably be questioned." *See also Smith v. State*, 357 S.W.3d 322, 341 (Tenn. 2011) (noting that recusal is required, even if a judge subjectively believes he or she can be fair and impartial, whenever "'the judge's impartiality might be reasonably questioned because the appearance of bias is as injurious to the integrity of the judicial system as actual bias'")(quoting *Bean*, 280 S.W.3d at 805).

The terms "bias" and "prejudice" generally "refer to a state of mind or attitude that works to predispose a judge for or against a party"; however, "[n]ot every bias, partiality, or prejudice merits recusal." *Alley v. State*, 882 S.W.2d 810, 821 (Tenn. Crim. App. 1994). To merit disqualification of a trial judge, "prejudice must be of a personal character, directed at the litigant, 'must stem from an extrajudicial source and result in an opinion on the merits on some basis other than what the judge learned from . . . participation in the case.'" *Id.* "If the bias is based upon actual observance of witnesses and evidence given during the trial, the judge's prejudice does not disqualify the judge." *Id.* "However, if the bias is so pervasive that it is sufficient to deny the litigant a fair trial,

it need not be extrajudicial." *Id.* That said, "[a] trial judge's adverse rulings are not usually sufficient to establish bias." *State v. Cannon*, 254 S.W.3d 287, 308 (Tenn. 2008); *see also Alley*, 882 S.W.2d at 821. In fact, "[r]ulings of a trial judge, even if erroneous, numerous and continuous, do not, without more, justify disqualification." *Alley*, 882 S.W.2d at 821; *see also State v. Reid*, 313 S.W.3d 792, 816 (Tenn. 2006). In other words, "if the bias is alleged to stem from events occurring in the course of the litigation, the party seeking recusal has a greater burden to show bias that would require recusal, i.e., that the bias is so pervasive that it is sufficient to deny the litigant a fair trial." *McKenzie v. McKenzie*, No. M2014-00010-COA-T10B-CV, 2014 WL 575908, * 3 (Tenn. Ct. App., filed Feb. 11, 2014).

We cannot conclude that the record provided by Plaintiff demonstrates error on the part of the Chancellor in denying her motion for judicial recusal. First, the Chancellor had no duty to recuse himself simply because Plaintiff is dissatisfied with the rulings against her. Second, we do not have a sufficient record before us upon which to conclude that the Chancellor erred in finding as a matter of fact that Plaintiff fabricated the allegations supporting her motion for recusal. A trial court's findings of fact are always entitled to a presumption of correctness, even when the legal conclusions resulting from those findings are subject to the nondeferential de novo standard of review. *See Fields v. State*, 40 S.W.3d 450, 456-58 (Tenn. 2001); *see also* Tenn. Sup. Ct. R. 10B, § 2.06 (stating that a Rule 10B interlocutory appeal as of right "shall be decided by the appellate court on an expedited basis upon a de novo standard of review."). In a Rule 10B expedited interlocutory appeal as of right, the only record available for the Court's review is the record provided by the appellant with the petition. *See In re Samuel P.*, No. W2016-01592-COA-T10B-CV, 2016 WL 4547543, * 3 n. 3 (Tenn. Ct. App., filed Aug. 31, 2016); *Trigg v. Trigg*, No. E2016-00695-COA-T10B-CV, 2016 WL 1730211, * 2 (Tenn. Ct. App., filed Apr. 27, 2016); *Johnston v. Johnston*, No. E2015-00213-COA-T10B-CV, 2015 WL 739606, * 1 (Tenn. Ct. App., filed Feb. 20, 2015). In this case, Plaintiff did not provide this Court with transcripts of any of the hearings at which she alleges the Chancellor engaged in the conduct she asserts supports recusal. As such, the record does not support the conclusion that the Chancellor erred in denying Plaintiff's motion for recusal on grounds that she "fabricated the grounds cited in the motion," i.e., "on reasons inconsistent with" the grounds asserted by Plaintiff in her motion as she contends on appeal. *See In re Samuel P.*, 2016 WL 4547543 at * 3 (concluding that deficiencies in record provided with petition for recusal appeal precluded appellate court from concluding that denial of recusal motion was erroneous).

## CONCLUSION

Having determined that the record provided by Plaintiff does not demonstrate error, we affirm the Chancellor's denial of the motion for judicial recusal. Plaintiff is

5

taxed with the costs of this appeal, for which execution may issue. This case is remanded for further proceedings.

_____
JOHN W. MCCLARTY, JUDGE